UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HOLLINGSWORTH, Booking # 15746082,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS; DANIEL PARAMO<br><br>Defendants. | Case No.: 3:16-cv-01426-WQH-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff, Jason Hollingsworth, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complies with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a), but dismisses his Complaint for failing to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2) and § 1915A(b).

A.     **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. His trust account statement indicates he has insufficient funds from which to pay a partial initial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP and directs the Secretary for the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**B.  Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

*Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**1.    42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

/ / /

/ / /

**2.     Representation of other parties**

Plaintiff purports to bring this action on behalf of all "current and former inmates" of the CDCR. Compl. at 3, 6. However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").

**3.     Eleventh Amendment immunity**

In addition, the Court finds that to the extent Plaintiff names the CDCR as a Defendant in this action, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against a defendant who is immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). In addition, to the extent that Plaintiff seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the CDCR, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

**4.     "False Incarceration" claims**

Plaintiff claims, without specific factual allegations, that the practices of correctional officers at RJD have resulted in "inmates getting more time" and he argues

that all current disciplinary rules violation reports should be "dismissed" and inmates released.  Compl. at 2.  The United States Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action."  *Nettles v. Grounds*, __ F.3d __, 2016 WL 3997255 *3 (9th Cir. 2016).  "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"  *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Therefore, to the extent that Plaintiff seeks immediate release from incarceration, he cannot bring such a claim pursuant to § 1983.

**5.     Employment claims**

Plaintiff also alleges that the CDCR is "making over 2 billion dollars a year illegally paying inmate wages less than 10% of state and federal labor minimum wage laws."  Compl. at 5. The California Penal Code states, in part, that the "Department of Corrections shall require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment."  Cal. Penal Code. § 2700.  The Ninth Circuit has held that incarcerated prisoners who work for "programs structured by the prison pursuant to the state's requirement that prisoners work at hard labor, are not 'employees" of the state within the meaning of the [Fair Labor Standards Act]."  *Hale*, 993 F.2d at 1389.  Therefore, inmates are not entitled to minimum wage under the FLSA.  *Id.*; *see also Burleson v. State of Cal.*, 83 F.3d 311, 313 (9th Cir. 1996).

Accordingly, Plaintiff's claims seeking "minimum wage" based on his prison employment are dismissed for failing to state a claim upon which relief may be granted.

### 6. Housing claims

Plaintiff also argues that he should be allowed to participate in the "Alternative Custody Program" which would give him the opportunity to serve his sentence in one of the following places: (1) a residential home; (2) a transitional care facility; or (3) a residential drug or treatment program. *See* CAL CODE REGS., tit. 15 § 3078.1(b). However, Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). Thus, Plaintiff's due process claims are dismissed for failing to state a § 1983 claim upon which relief may be granted.

### 7. Respondeat Superior

Finally, Plaintiff names as the only individual Defendant, Warden Daniel Paramo. *See* Compl. at 1. However, Plaintiff's Complaint contains no "factual contact" describing Paramo's direct involvement in the alleged constitutional violations which would "allow[] the court to draw the reasonable inference that the [Warden] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 672-673; *Jones*, 297 F.3d at 934. Instead, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 625 F.3d 1202, 1205-06 (9th Cir. 2011).

Because Plaintiff fails to allege any "factual matter" to suggest how or to what extent Defendant Warden personally participated any of the alleged constitutional

violations, his Complaint "fails to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678; *Taylor*, 880 F.2d at 1045, and his claims against Defendant Paramo must be dismissed.

### 7. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## C. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended

1  Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended
2  Complaint must be complete in itself without reference to his original pleading.
3  Defendants not named and any claims not re-alleged in the Amended Complaint will be
4  considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner
5  & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes
6  the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that
7  claims dismissed with leave to amend which are not re-alleged in an amended pleading
8  may be "considered waived if not repled.").

9     5.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a
10  blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C.
11  § 1983" for his use in amending.

12     **IT IS SO ORDERED**.
13  Dated: August 5, 2016

Hon. William Q. Hayes
United States District Court