UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HOLLINGSWORTH, Booking # 15746082,<br><br>   Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS; DANIEL PARAMO<br><br>   Defendants. | Case No.: 3:16-cv-01426-WQH-BLM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.   Procedural History**

On June 6, 2016, Plaintiff, Jason Hollingsworth, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees

1 required by 28 U.S.C. § 1914(a), but dismissed his Complaint for failing to state a claim
2 pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 5.)

3 Plaintiff was granted leave to file an amended pleading in order to correct the
4 deficiencies of pleading identified in the Court's Order. (*Id.* at 8-9.) Plaintiff has now
5 filed his First Amended Complaint ("FAC"). (ECF No. 5.)

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court stated in its previous Order, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### 1. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### 2. Davis-Bacon Act

Plaintiff claims that pursuant to the "Davis Bacon Act of 1931" that inmates "building medical centers around the prison" must be paid the "prevailing wage." (FAC at 3.) Plaintiff claims inmates are being paid "around $0.95/an hour" while the current "prevailing wages is about $55/an hour." (*Id.*) As a result, Plaintiff alleges Warden Paramo and "other 'unknown' staff" are "illegally paying inmates" in order to receive "bonuses." (*Id.*)

The Davis-Bacon Act provides, in part, that all construction contracts for certain federally funded public work projects are required to pay workers the "prevailing wage" as determined by the Secretary of Labor. 40 U.S.C. § 3142 (a)-(b). While Plaintiff does not make clear whether he was ever one of the inmates working on these projects, his claim fails as the Ninth Circuit has held that there is no "private cause of action for employees" under the Davis-Bacon Act. *Operating Engineers Health & Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 676 (9th Cir. 1998).

Therefore, Plaintiff's claims brought pursuant to the Davis-Bacon Act must be dismissed, without leave to amend, for failing to state a claim.

### 3. Equal Protection claims

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, Plaintiff may allege facts to show that Defendants have intentionally discriminated against him on the basis of his membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Absent any allegation that Plaintiff is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class, Plaintiff may only establish an equal protection claim by showing that he was intentionally treated differently than similarly situated individuals and that the Defendants' actions against him lacked a rational basis or legitimate purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 93 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). To state an equal protection claim under this theory, Plaintiff must allege that: (1) he was intentionally treated differently from others similarly situated; and (2) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

Plaintiff claims that he is a "Level 1" inmate and as such, he does not have access to the same programs and privileges as a "Level 3" inmate. (FAC at 5.) "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (internal citation omitted).

Plaintiff has not alleged any facts to suggest that Defendants intentionally treated him differently than other similarly situated inmates, i.e. Level 1 inmates, or that they lacked a rational basis for doing so. *Village of Willowbrook*, 528 U.S. at 564.

### 4. State Law Claims

To the extent Plaintiff seeks to include state law claims based on usury, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice because Plaintiff has not identified a violation of a federal law. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over [state law claims] that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . if the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

For these reasons, the Court finds Plaintiff's First Amended Complaint must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 5. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his pleading deficiencies, the Court will grant him leave to amend as to his equal protection claims only. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

/ / /
/ / /
/ / /
/ / /

### III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

**IT IS SO ORDERED**.

Dated: February 2, 2017

Hon. William Q. Hayes
United States District Court